Richard W. Wright, P.C.
250 Cushman Street, Suite 500
Fairbanks, Alaska 99701
(907) 451-8605
Fax: (907) 451-8607

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JAN -5 PM 4: 06

Counsel for Defendant Karen Kristina Koch

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. F05-040 MJ (TWH) RRB |
| Plaintiff, ) | 042 CR |
| vs. ) | |
| KAREN KRISTINA KOCH, ) | |
| Defendant. ) | |

## MOTION AND MEMORANDUM TO SUPPRESS

During interrogation of the Defendant that was conducted while the search warrant was being executed Defendant twice asked to speak to an attorney and once asked to speak to "someone about this."

Questioning nevertheless continued and no counsel was provided nor was Defendant allowed to contact an attorney.

As a basic principle of constitutional law, once a defendant has invoked her rights a waiver must be shown by the government. *Miranda v. Arizona*, 884 U.S. at 475.

In *Moran v. Burbine*, 475 U.S. 412, 421 (1986) the court held the waiver must have been made with a full awareness of both the nature of the right and the consequences of the abandonment.

In *Tague v. Louisiana*, 444 U.S. 469, 471 (1980) the court held that uncertainty in police testimony would not support a waiver.

Burden is on the government to establish waiver by a preponderance of the evidence. *Derrick v. Peterson*, 924 F.2d 813, 823 (9th Cir. 1990).

Accordingly, Defendant moves to suppress and requests an evidentiary hearing.

An order noticing a hearing is lodged herewith.

Defendant understands the filing of this motion may result in time being excluded for speedy trial purposes.

RESPECTFULLY SUBMITTED this 5th day of January, 2006.

RICHARD W. WRIGHT, P.C.

*/s/ Richard W. Wright*
Richard W. Wright, ABA #9009061
Counsel for Defendant

Certificate of Service
I certify that a true and correct copy of this document was served by facsimile transmission and U.S. Mail on the U.S. Attorney's Office this 5th day of January, 2006.