TIMOTHY M. BURGESS
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT KOCH'S** |
| | ) | **MOTION TO SUPPRESS** |
| KAREN KRISTINA KOCH | ) | **STATEMENTS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the

undersigned Assistant U.S. Attorney, and responds in opposition to defendant

Karen Koch's motion to suppress statements made by the defendant in a non-

custodial setting.

## I.  INTRODUCTION

### A.  Factual Background

On November 28, 2005, law enforcement officers from the Alaska State

Troopers, with assistance from the Fairbanks Police Department, the University of

Alaska Fairbanks Police,  the U.S. Drug Enforcement Administration, and the U.S.

Bureau of Alcohol, Tobacco, Firearms, and Explosives served a search warrant on

1038 Lakeview Terrace in Fairbanks.  The search warrant, obtained by the Alaska

State Troopers from a State Magistrate, allowed for a "no-knock" entry based upon

information that the residence might contain a fully automatic machine gun with a

silencer.  The machine gun and silencer were later found during the search.

Officers from the Fairbanks Police Department Special Emergency Reaction

Team (SERT) conducted the entry, including the use of a concussion device.

Inside the residence were the Defendant and her two children.  The Defendant did

not initially comply with the orders of the SERT and was handcuffed for control

purposes.

All the residents were removed while the officers secured the residence, and

the Defendant was placed in a warm car by AST Sergeant Ron Wall.  Sgt. Wall

recorded the conversation, and started by informing the Defendant about the search

warrant and telling her that she was <u>not</u> under arrest.  Sgt. Wall asked the

US v. Koch
Case No.  4:05-cr-042-RRB                    2

Defendant questions related to completing the search. His focus was trying to figure out who owned or had access to the safe in the master bedroom so the officers could gain access as part of the search. In addition to the questions asked by Sgt. Wall, toward the end of the conversation, DEA Special Agent Mike Foran asked the Defendant who lived in the master bedroom. She provided the name Sharon Powers. When asked if anyone else lived in the master bedroom, the defendant answered "J." When asked to identify "J," she said "Colette."

About halfway through the conversation, the Defendant can be heard stating "but I want to talk to a lawyer." After she made that statement, Sgt. Wall explains to her that she and her children will be taken somewhere away from the search activity. She also asks "can I talk to a lawyer," and states to DEA Special Agent Foran "maybe I should talk to someone about this." The conversation quickly ended, and she and her children were removed from area and taken to a location that they chose.

### B.    Alleged Basis for Suppression

The Defendant seeks suppression of her statements on the ground that she invoked her right to counsel, requiring that the government show that any subsequent statements were made after an appropriate waiver of the previous invocation.

US v. Koch
Case No.  4:05-cr-042-RRB                    3

Defendant's motion should be denied because the defendant was not in custody at the time of the questioning.  Thus, no warnings were required and there was no right to counsel to invoke.

**II.    ARGUMENT**

        **A.    The Defendant, who was Questioned by the Officers at her Residence, was not in Custody.  Therefore, the Officers were not Required to Advise the Defendant of her Miranda Rights prior to any Questioning, nor Immediately Cease Questions at the Mention of Speaking to a Lawyer.**

It is well settled that "police officers are not required to administer *Miranda* warnings to everyone whom they question."  Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 714 (1977).  An officer has a duty to administer Miranda warnings "only where there has been such a restriction on a person's freedom as to render him 'in custody.'"  Stansbury v. California, 511 U.S. 318, 322, 114 S.Ct. 1526, 1529 (1994) (per curiam) (quoting Mathiason, 97 S.Ct. At 714 (1977).

Unless a person is subject to custodial interrogation there is no right to counsel to invoke:

> The Fifth Amendment right identified in Miranda is the right to have counsel present at any custodial interrogation.  Absent such interrogation, there would have been no infringement of the right that [defendant] invoked and there would be no occasion to determine whether there was a valid waiver.  U.S. v. Edwards, 451 U.S. 476.

US v. Koch
Case No.  4:05-cr-042-RRB                    4

An individual is "in custody" at the point that a reasonable person would feel

that he or she was not free to terminate the interrogation.  Thompson v. Keohane,

516 U.S. 99, 116 S.Ct. 457 (1995).  "In determining whether an individual was in

custody,  a court must examine all of the circumstances surrounding the

interrogation, but 'the ultimate inquiry is whether there [was] a 'formal arrest' or

restraint on freedom of movement of the degree associated with a formal arrest.  Id.

(quoting California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520 (1983)

(per curium)).

The court must "employ an objective standard, asking whether a reasonable

person in the interviewee's position would consider himself or herself free to

leave." People of the Territory of Guam v. Palomo, 35 F.3d 368, 375 (9th Cir.

1994).

The Defendant was never placed under arrest, and was told by Sgt. Wall at

the outset of the conversation that she was not under arrest.  Nor was she

threatened with arrest, or coerced by the officers.  Threats of arrest often suggests

custody.  U.S. v. Zahrey, 963 F.Supp. 1273, 1279 (E.D.N.Y. 1997), as can coercive

words or acts.  U.S. v. Wyatt, 179 F.3d 532, 537.  The Defendant was also told that

arrangements were being made for her and her children to wait somewhere while

US v. Koch
Case No.  4:05-cr-042-RRB                    5

the officers finished the search.  This is another way of indicating to the person being questioned that they are free to leave, thus not in custody.  Zahrey, 963 F. Supp. at 1279.

Moreover, the questions here were limited.  The entire series of questions took less than 2 minutes.  A brief questioning mitigates against a belief that an arrest has occurred.  U.S. v. Fike, 82 F.3d 1315, 1325 (5th Cir. 1996).  Also, the questions were not designed to illicit admissions related to the offenses at issue to the officers.  Sgt. Wall was trying to explain the reason why the officers were in the Defendant's home, and figure out how to gain access to the safe.  The purpose of the questioning also indicates whether a reasonable person would believe they were in custody.  U.S. v. Lennick, 917 F.2d 974, 977 (7th Cir. 1990).

The defendant was not taken to the police station for questioning, but was questioned at the scene, again for a limited period.  While, the questioning was in a police car, getting the Defendant out of the November cold was an act of civility, not an indication that the Defendant was in custody.  The Defendant was in handcuffs, but only for officer safety because she failed to comply with the orders of the entry team in a situation where they had reason to believe, appropriately so, that the residence contained a silenced, fully automatic weapon.  Immediately after the quick discussion with Sgt. Wall, she was taken out of the car, and she and her

US v. Koch
Case No.  4:05-cr-042-RRB                    6

children were transported to a place of their choosing while the search was completed.

Finally, the Defendant's criminal history indicates a level of familiarity with police procedures.  While a person who has not been exposed to law enforcement officers is more likely to be confused about whether they are in custody while being asked questioned, someone with experience is likely to understand the process, including being told that they are <u>not</u> under arrest.  The Defendant has an extensive criminal history, indicating a familiarity with arrests, Miranda warnings, and police questioning. <u>U.S. v. Ruggles</u>, 70 F.3d 262, 265 (2d Cir. 1995)

### III.    CONCLUSION

The conversation between the officers and the Defendant lasted less than 2 minutes, and was primarily focused on informing the Defendant about the search warrant, and seeking a way to access a safe in the residence.  The Defendant, who was clearly informed that she was not under arrest, was subjected to limited questioning, and was taken by officers to the place of her choosing immediately after the few questions, was not in custody.  A reasonable person, especially someone who had contact with law enforcement officers in the past, would understand that they were not in custody.  Thus, comments about speaking to a

lawyer did not operate under <u>Edwards</u> to require the officers to terminate

questioning.

The Government requests that the Defendant's Motion to Suppress be

denied.

RESPECTFULLY SUBMITTED this <u>17th</u>  day of January, 2006, at

Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

<u>s/Bryan Schroder</u>
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail:<u>Bryan.Schroder@usdoj.gov</u>
 WA# 21146

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 17th, 2006,
a copy of the foregoing **GOVERNMENT'S
OPPOSITION TO DEFENDANT KOCH'S
 MOTION TO SUPPRESS STATEMENTS**,
was served, via fax, on:

**Richard W. Wright**
250 Cushman Street, Suite 500
Fairbanks, AK 99701

<u>s/Bryan Schroder</u>