DEBORAH M. SMITH
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>            Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>KAREN KRISTINA KOCH   )<br>   )<br>            Defendant.   )<br>   ) | Case No.  4:05-cr-042-RRB<br><br>**GOVERNMENT'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION ON MOTION TO SUPPRESS STATEMENTS** |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and submits the following objections to the Magistrate Judge's recommendation on defendant Karen Koch's motion to suppress statements, filed at Docket 91.

## I.    INTRODUCTION

In criminal matters, persons are often questioned by law enforcement officers in less than pristine conditions.  In dangerous situations, officers must be allowed to

take steps to protect themselves. Those steps do not automatically create a custodial environment. The Government believes that the Magistrate Judge overemphasized actions taken by the officers to assure their safety in a clearly dangerous situation. Moreover, the Government believes that the Magistrate Judge has placed insufficient emphasis on the steps taken by the officers to assure the Defendant that she was not in custody, and other objective factors that a reasonable person would have recognized as meaning they were not being forced or coerced to answer questions posed by the officers.

**II.   STEPS TAKEN BY LAW ENFORCEMENT OFFICERS TO PROTECT THEM SELVES AND OTHERS IN DANGEROUS SITUATIONS DO NOT MAKE DETENTIONS OF INDIVIDUALS CUSTODIAL.**

The Government contends that the Magistrate Judge put too much emphasis on the fact that the Defendant was handcuffed at the time her statements were made, and that she was detained by the officers after the tactical entry of her residence by the SERT team. Officers are not required to forego proper law enforcement safety practices just to assure that any subsequent detentions are deemed non-custodial. U.S. v. Bautista, 684 F.2d 1286, 1289 (9th Cir. 1982). See also, U.S. v. Greene, 783 F.2d 1364, 1367-68 (9th Cir. 1986). Officers conducting on-scene investigations in potentially dangerous situations can take "[s]trong but reasonable measures to insure the safety of the officer or the public without necessarily compelling a finding that the suspect was in custody." Bautista at 1292 (quoting U.S. v. Booth, 669 F.2d 1231, 1236 (9th Cir. 1981)).

Specifically, the Bautista court found that the use of handcuffs "does not dictate a finding of custody." Id.  The court found that "[a] brief but complete restriction of liberty, if not excessive under the circumstances, is permissible…."Id. at 1289.  See also  U.S. v. Patterson, 648 F.2d 625, 633 (9th Cir. 1981) (briefly restricting freedom of movement to maintain "status quo" during initial inquiry does not make the detention an arrest, provided excessive force is not used) .  While handcuffing a detained person is certainly an important factor in determining custody, other courts have also agreed that handcuffs do not automatically convert a detention into a custodial interrogation.  U.S. v. Touzel, 409 F.Supp.2d 511, 522 (D. Vermont 2006).  Moreover,  handcuffing a detained person and placing them in a patrol car has been deemed acceptable if the officer is reasonably concerned about their safety or the possibility of escape.  U.S. v. Prince, 157 F.Supp.2d 316 (D.Del. 2001).

The actions taken by the officers in this case, including the entry by the SERT team and handcuffing the Defendant, were based upon advanced information about weapons at the residence, and the Defendant's conduct at the scene.  The officers had information that there was a automatic machine gun at the residence, along with a silencer.  That information proved to be true.  Thus, an entry by the SERT team was reasonable.  Moreover, after the entry, when the Defendant did not respond to the officers commands in the residence and tried to flee out the back door, it was reasonable for the officers to handcuff and temporarily detain her.  It was appropriately prudent and cautious for the officers to put the Defendant in a warm

patrol car for their safety and to prevent escape, thus maintaining the status quo while working to gain an adequate understanding of the situation in the residence, including who had access to different areas. Those steps do not convert the brief detention into custody.

The cases cited above balance the safety measures taken by the officers with factors that mitigated any conclusion that the detained persons were actually in custody. Common factors that courts found to be persuasive were the limited duration of the detentions, Bautista at 1292; limited period that the detained person was in handcuffs, Touzel at 522-523; the officer explaining to the detained person what was happening, Id.; and whether the Defendant was told that they were not under arrest, Id. The courts recognized that the officers in these cases, while using reasonable means to protect their safety, were also reasonable in how they handled the detained persons. That was also the situation here. While the Defendant was handcuffed and sitting a police car for a brief period, Sgt. Wall's conversation with her was in large part to explain to her what was happening. That included telling the Defendant she was not under arrest, and that she would be allowed to leave in a few moments. The Defendant was told she would be able to leave, and was in fact allowed to leave, factors that have weighed heavily in the Supreme Court's analysis on this issue in Oregon v. Mathieson, 429 U.S. 492, 495 (1977). In essence, if a person is detained briefly, especially when they know the detention will be brief, it is a significant factor in determining that the person was not in custody. Berkemer v. McCarty, 486 U.S. 420, 439 (1984). Sgt. Wall clearly explained to the Defendant

from the outset that her detention would be brief, and he was true to his word, releasing her a short time later.

There was no attempt by the officers to create and exploit a coercive environment. While the Defendant may not have been able to immediately get up and leave, she could have simply refused to talk. Instead, she had her wits about her sufficiently enough to lie, and to make up a lie involving a real person in hopes of turning the focus of law enforcement officers away from herself and onto an innocent person.

The Government requests that the Defendant's Motion to Suppress be denied.

RESPECTFULLY SUBMITTED this 22nd day of May 2006, at Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/Bryan Schroder
>Assistant U.S. Attorney
>222 West Seventh Avenue, #9
>Anchorage, Alaska  99507
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail:Bryan.Schroder@usdoj.gov
> WA# 21146

**CERTIFICATE OF SERVICE**
I hereby certify that on May 22, 2006 a copy of the foregoing was served electronically on:

**Richard W. Wright**
250 Cushman Street, Suite 500
Fairbanks, AK 99701

s/Bryan Schroder

U.S. v. Karen Kristina Koch
Case No.  4:05-cr-042-RRB                5