IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                PLAINTIFF,<br>vs.<br><br>JASON SCOTT COLETTE, AND<br>**KAREN KRISTINA KOCH**<br><br>                DEFENDANTS. | CASE NO. 4:05-CR-00042-02-RRB<br><br><br>REPORT AND RECOMMENDATION RE:<br>DEFENDANT'S MOTION TO SEVER AT<br>DOCKET NO. 67-2 |

      Defendant, Karen Kristina Koch, has filed a Motion to Sever. Docket No. 67-2. Ms. Koch provides no case law in support of her position and indicates her primary reason for requesting a severance is because her conditions of release "Require her to be in sight and sound of her third party, her mother, at all times. This has prevented her from working, is causing disruption in her children's lives and stretching the patients of her mother's employer". Ms. Koch also states: "Continued restrictions on her life to accommodate a minor economy for the United States violates her constitutional and statutory rights to speedy trial. Ms. Koch is charged with a single 18 USC 1001 violation, while Mr. Colette is charged with drug and gun charges. The facts alleged to support one are almost all irrelevant to the other."

      The Government opposes Ms. Koch's Motion at Docket No. 74 and correctly points out "The Defendant has provided no support for her contention that obtaining a trial more quickly is an appropriate basis for severance".

      The defendant has not been confined while awaiting trial, and the Government has indicated a willingness to allow her to

adjust her conditions of release so she can work should an appropriate plan be put forth. Defendant's Motion to Modify Conditions of Release (Docket No. 46) was denied without prejudice, and the parties were encouraged to work together to find a solution to Ms. Koch's desire to work. These efforts bore fruit when defendant returned to work on May 19, 2006 per agreement of the parties, the Pretrial Services Officer, and by order of this court.

## DISCUSSION

Federal Rule of Criminal Procedure 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The Supreme Court has held that there is a preference within the federal system for joint trials of defendants who are indicted together, stating that joint trials "play a vital role in the criminal justice system." U.S. v. Zafrio, 506 U.S. 534, 537 (1993), quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987). The Court found that joint trials promote efficiency ,and help avoid the "scandal and inequity" of inconsistent verdicts. Id. The Ninth Circuit Court of Appeals has interpreted this preference as requiring that co-defendants that are charged together should be, *prima facie*, tried together. U.S. v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1993).

However, the Federal Rules of Criminal Procedure, in Rule 14, also allows a defendant's trial to be severed from that of a co-defendant if the moving defendant makes a sufficient showing

of prejudice. This requires more than a showing of simple prejudice. The prejudice must be of such significance that the defendant was denied a fair trial. U.S. v. Escalante, 637 F.2d 1197 (9th Cir. 1980). As the Ninth Circuit Court of Appeals has held: "[c]learly, this is not an easy burden to meet." Id.

The court must balance the alleged prejudice against the "obvious interest of judicial economy..." The Ninth Circuit has instructed its courts that "[s]erious consideration is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought." U.S. v. Kennedy, 564 F.2d 1329, 1334 (9th Cir. 1977).

In U.S. v. Zafiro, 506 U.S. 534, 537 (1993) the Supreme Court stated "We believe that, when defendants have properly been joined under Rule 8(b) a District Court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro at 539.

Here, Ms. Koch was removed from co-defendant Colette's home on November 28th, 2005. The police officers who removed Ms. Koch were executing a search warrant on the residence. They recovered substantial quantities of cocaine , money, a currency counting machine, scales, a fully automatic machine gun, and a silencer.

Defendant Koch is alleged to have made false statements to the police shortly after the search warrant was executed. The false statements revolve around which bedroom in the residence she lived in. Eyewitnesses to the execution of the search warrant will be some of the same witnesses that will testify regarding what Ms. Koch said. Moreover, the context in which defendant's statements were made as well as the location where

she made them are relevant considerations that support a joint trial. Thus, it appears a significant inefficiency would result if the court were to hold two trials involving the same witnesses regarding events that occurred on the same day, at the same place.

Ms. Koch has not shown the conditions of her release compromise any of her specific trial rights. She has not established that her pre-trial release conditions rise to a level of prejudice that would trigger severance. Ms. Koch has not shown by a preponderance of evidence that any significant trial right has been prejudiced by the delay in bringing this case to trial, as unfortunate as it may be because of co-defendant Colette's difficulty in obtaining an attorney of his choice. Ms. Koch has not shown the type of "legally cognizable prejudice that the courts have generally found to trigger severance". Zafiro at 541.

Accordingly, this Court RECOMMENDS that defendant Koch's Motion to Sever be DENIED.

Dated at Fairbanks, Alaska this 24th day of May, 2006.

S/Terrance W. Hall
TERRANCE W. HALL
U.S. MAGISTRATE JUDGE

Pursuant to Local Magistrate Rule 12(C), a party seeking to object to this proposed finding or recommendation shall file written objections with the Clerk of U.S. District Court no later than **June 5, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waive the right to contest those findings on appeal. **McCall v. Andres**, 627 F.2d 1195, 1187-89 (9th Cir.) cert denied 450 U.S. 996 (1981). **Objections and responses shall not exceed five (5) pages**

**in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objections, and the points and authorities in support.** Response(s) to the objections shall be filed no later than the close of business **June 12, 2006**. No reply will otherwise be received. The parties shall otherwise comply with provisions of Local Magistrate Rule 12(C).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kencheloe, 796 F.2d 308 (9th Cir. 1986).