DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE TO** |
| vs. | ) | **DEFENDANT KOCH'S** |
| | ) | **OBJECTIONS TO** |
| KAREN KRISTINA KOCH, | ) | **MAGISTRATE JUDGE'S** |
| | ) | **INITIAL REPORT AND** |
| Defendant. | ) | **RECOMMENDATION ON** |
| | ) | **MOTION TO SEVER** |
| | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and responds to defendant Koch's opposition to the Magistrate Judge's Initial Report and Recommendation on Defendant's motion to sever.

The Defendant cites 18 U.S.C. § 3161(h)(7) as the basis for her objections,

but the Defendant misreads the statute. The statute excludes from the speedy trial calculation: "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not yet run and no motion for severance <u>has been granted</u>" (emphasis added). Thus, simply filing a motion for severance does not terminate the application of Section (h)(7). The court must first grant the motion for severance.

This is consistent with the appropriate case law: "[i]t is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." <u>U.S. v. Messer</u>, 197 F.3d 330, 336 (9th Cir 1999). Allowing the Defendant to terminate the application of Section (h)(7) by simply filing a motion for severance would eviscerate the preference for joinder.

Thus, the real protection provided to codefendants by the statute is the analysis of whether the period of delay is "reasonable." <u>Id</u>. In determining whether the period of delay was reasonable, the court will examine the totality of the circumstances prior to trial, and the actual prejudice to the defendant. <u>Id</u>. at 337. In the totality of the circumstances analysis the court should consider the purpose of Section (h)(7) to "facilitate the efficient use of judicial resources...." <u>Id</u>. At 338 (quoting <u>U.S. v. Hall</u>, 181 F.3d 1057, 1062 (9th Cir. 1999)). Moreover, the court should also consider the length of delay and whether the defendant was

free on bond.

The benefits to the efficient use of judicial resources was detailed in the Government's Response to the Defendant's Motion to Sever at Docket 74, pp. 4-5. In this case, the length of delay to this point has not been sufficient to trigger serverance, especially considering that much of the delay would be excluded from Defendant Koch's speedy trial calculation based upon her own motions practice. Delay based upon "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or any other prompt disposition of, such motion...." is excludable. 18 U.S.C. § 3161(h)(1)(F). This includes motions based on speedy trial considerations. U.S. v. Daychild, 357 F.3d 1082, 1095 (9th Cir. 2004). Defendant Koch filed two pretrial motions, her motion to suppress filed on January 5, 2006 and her pending motion to sever filed on March 30, 2006 . The filing of these motions tolled the speedy trial clock for her directly. This delay has nothing to do with her codefendant. The motion to suppress has only been decided today, June 12, 2006, and the motion to sever remains undecided. Defendant Koch cannot claim excessive delay due to joinder when most, if not all, of the same period of delay is attributable to her directly.

Another key factor in the totality of the circumstances analysis is whether the defendant has been free on bond during the pendency of the process. In this

case, the Defendant has been free on bond since December 22, 2005, a few days after her arraignment. Moreover, the Government and the court have worked with the Defendant to relax her conditions when appropriate, including to allow her to work.

The second prong of the test outlined in U.S. v. Messer is a review of actual prejudice against the defendant. The Government will not restate the arguments on prejudice put forward in our opposition to the Defendants' motion to sever, Docket 74, pp.6-8, but it is important to note that the fact that the Defendant is not incarcerated should "weigh against a finding of prejudice." Messer at 340.

The court's Report and Recommendations should not be amended based upon the objections of the Defendant. The joinder provisions of the Speedy Trial Act found at 18 U.S.C. § 3161(h)(7) call for any reasonable time excluded for one defendant to apply to all defendants unless a motion to sever has been granted, not just filed. Moreover, under the two-prong test for reasonableness used in the Ninth Circuit Court of Appeals, the totality of the pretrial circumstances do not overcome the need for judicial efficiency that is the basis for joinder. Nor has the Defendant shown any actual prejudice caused by the joinder.

Government requests that the court forward its Report & Recommendation

with no adjustment based upon the Defendant's objections.

RESPECTFULLY SUBMITTED this 12th  day of June, 2006, at Fairbanks, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Bryan Schroder
> Assistant U.S. Attorney
> 101 12th Avenue, Room 310
> Fairbanks, Alaska  99701
> Phone:  (907) 456-0245
> Fax: (907) 456-0577
> E-mail:Bryan.Schroder@usdoj.gov
>  WA# 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12th, 2006,
a copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT KOCH'S OBJECTIONS TO MAGISTRATE JUDGE'S INITIAL REPORT AND RECOMMENDATION ON MOTION TO SEVER**,
was served, electronically, on:

**Richard W. Wright**

s/Bryan Schroder