DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone:  (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05-CR-00042-01RRB |
| | ) | |
| Plaintiff(s), | ) | **SENTENCING MEMORANDUM, MOTION** |
| | ) | **FOR RETURN OF PROPERTY, MOTION** |
| v. | ) | **FOR CONTINUANCE, MOTION TO** |
| | ) | **DISMISS FOR VIOLATION OF THE** |
| JASON SCOTT COLETTE, | ) | **SPEEDY TRIAL ACT, AND MOTION** |
| | ) | **FOR EVIDENTIARY HEARING** |
| Defendant(s). | ) | |
| | ) | Date: March 23, 2007 |
| | ) | Time: 9:00 a.m. |

**I.**

**INTRODUCTION**

Counsel has recently had the opportunity to review this entire file, including the transcripts of the proceedings.  It is the defense request that the Court consider the following issues:

(1)  The docket in this matter indicates that at least 74 non-excludable days elapsed between Mr. Colette's arraignment on the indictment and the commencement of his trial.  Because more than 70 days elapsed, the indictment must be dismissed.

(2)  The probation report requests a two point enhancement for "possession of a weapon" under U.S.S.G. Section 2D1.1.  The case law indicates that Mr. Colette's lawful possession of his weapons was not in connection with the cocaine found in the safe. Mr. Colette was acquitted by the jury of possessing these weapons in connection with a drug trafficking offense.  Further, the

probation officer's reliance on the hearsay statements of Mr. Damon Wamsley and Mr. Eugene Johnson is in error and in violation of Mr. Colette's rights. If the Court intends to consider awarding a two point adjustment under Section 2D1.1, the Court should conduct a sentencing hearing during which Mr. Colette should have the opportunity to cross-examine both Mr. Wamsley and Mr. Johnson.

(3) The Court should not enter a final order of forfeiture in connection with the four weapons listed in the government's application or the $38,848 of currency. First, Mr. Colette did not waive his right to a trial by jury on the nexus between the cocaine and this property. Mr. Butler waived Mr. Colette's right for him. August 3, 2006 transcript at 85. No personal waiver was taken. Second, the Court expressly advised Mr. Butler that if he waived a right to jury determination on the issue of forfeiture, the defense would be permitted to present evidence on the forfeiture issue at sentencing, and the preliminary order of forfeiture would be a mere place-holder in advance of the actual forfeiture hearing before the Court at sentencing. Id. at 80-84. Mr. Colette, therefore, asserts his right to an evidentiary hearing before the Court before the Court's considers whether or not to enter a final order of forfeiture.

(4) The Court must return to Mr. Colette the other 10 weapons not made subject to the preliminary order of forfeiture. Further, the Court should order Mr. Colette's jet-ski returned because it was not made subject to the preliminary order of forfeiture - in spite of the fact that it was included within the language of the indictment.

(5)  The Court should find that Mr. Colette's criminal history category is overstated at II, and should be found to be at I under U.S.S.G. Section 4A1.3.

(6)  The Court should permit a continuance of the sentencing hearing so that the cocaine can be re-weighed.  Mr. Colette's sentence is very much tied to the weight of the cocaine, and the record is unclear as to the cocaine's true weight.

## II.

### THE SPEEDY TRIAL ACT WAS VIOLATED

18 U.S.C. Section 3162(2) provides that, upon motion of the defendant, the indictment must be dismissed if the defendant is not brought to trial within 70 days of his arraignment on the indictment.  See 18 U.S.C. Section 3161(c)(1).  United States v. Martinez-Martinez, 369 F.3d 1076 (9th Cir. 2004).

A review of the Pacer docket indicates the following: Mr. Colette was arraigned on December 16, 2005.  No motions were filed until January 5, 2006.  20 days elapsed before the first motion was filed.

All pending motions were decided by February 17, 2006.  Ms. Koch's motion to suppress statements was taken under advisement on January 18, 2006.  However, the motion had not yet been decided by February 17, 2006, and the Speedy Trial Act provides for no longer than a 30 day exclusion for a motion being taken under advisement.  18 U.S.C. Section 3161(h)(J).  The next motion was not filed until March 14, 2006.  Therefore, 25 additional days elapsed.

There were no motions on file between June 27, 2006 and July 20, 2006.  23 additional days elapsed.

Finally, there were no motions on file between July 21, 2006 and July 25, 2006, and then again between July 26, 2006 and July 28, 2006.

A total of 74 days elapsed as against the Speedy Trial Clock, and the indictment must be dismissed.

In <u>United States v. Hall</u>, 181 F.3d 1057(9th Cir. 1999), the Ninth Circuit held that as long as a defendant or his counsel raises a Speedy Trial claim before the commencement of a trial, the claim is not waived.  In <u>United States v. Brickey</u>, 289 F.3d 11144 (9th Cir. 2002), the Ninth Circuit ruled that a Speedy Trial Act claim not raised before trial is waived - but when on to consider the claim on the merits.

Here, the failure of Mr. Butler to raise the Speedy Trial Act claim before the trial was clearly ineffective assistance of counsel.  Further, it is the type of ineffective assistance of counsel that can be rectified at this stage of the proceedings, or on direct appeal, because it is ineffective assistance of counsel that is clear from the record.  <u>United States v. Del Muro</u>, 87 F.3d 1078 (9th Cir. 1996); <u>Wright</u>, <u>Volume 3</u>, <u>Federal Practice and Procedure</u>, <u>Criminal 2d</u> Section 555 (1997).

### III.

### THE COURT SHOULD NOT APPLY THE ENHANCEMENT UNDER SECTION 2D1.1(b)(1).

The mere fact that the guns were found together with the drugs does not support the enhancement under Section 2D1.1(b)(1).

<u>See</u> <u>United States v Apple</u>, 915 F. 2d 899 (4th Cir. 1990): (Enhancement is proper only if a court determines that it is not "clearly improbably" that the guns were connected to the drug offense.  The case was remanded to district court with

instructions to make a specific finding as to the connection between the guns and the drug offenses); <u>United States v. Garner</u>, F. 2d (6th Cir. July 23, 1991) (The Sixth Circuit reversed firearm enhancement for unloaded gun found in locked safe in defendants house. Police discovered two locked safes in defendant's basement. One safe contained 3 kilos of cocaine, $19K in cash, and some jewelry. The other safe located about 12 feet away from the first safe, contained an unloaded .22 caliber. The gun was not the normal type of firearm associated with drug activity, but was an antique style Derringer. Second, the gun was not loaded and no ammunition in D's home. The gun was located in a safe that did not contain drug paraphernalia and was not located close enough to the drugs to infer a relationship. Court held that it was clearly improbable that the weapon was connected to the drug offenses); <u>United States v. Kelso</u>, F. 2d (Ninth Cir. Aug. 21, 1991). The Ninth Circuit held that there was insufficient evidence of a relationship between the defendant and THIS weapon to establish constructive possession. The firearm was located in the same bag, along with extra ammunition, as the narcotics intended to be distributed); <u>United States v. Concepcion</u>, 983 F. 2d 369 (2nd Cir. 1992) (The Second Circuit rejected as double counting an enhancement under section 2D1.1(b)(1) for carrying a firearm during a drug trafficking crime); <u>United States v. Peters</u>, 15 F. 3d 540 (6th Cir 1994) (Sixth Circuit rejects enhancement for gun found in dresser drawer below cocaine); <u>United States v. Zimmer</u>, 14 F. 3d 286 (6th Cir. 1994) (Sixth Circuit rejects firearm enhancement for marijuana grower's hunting rifles. The rifles were found in the main part of the house while the plants were grown in a "secret room" in the

basement); <u>United States v. Matthews</u>, 5 F. 3d 1161 (8th Cir. 1993) (Eighth Circuit remands for finding on nexus between firearm and drug distribution. The firearm's connection to the offenses was not readily apparent and the district court made no finding as to whether the government had established this connection).

Here, the evidence at trial – accepted by the jury – was that Mr. Colette possessed the guns for recreational purposes, and not in connection with the charged cocaine. At a sentencing hearing, the government must show, by a preponderance of the evidence, that the guns were possessed in connection with the drugs.

The government, and the probation officer, both rely upon the out of court statements of Mr. Wamsley and Mr. Johnson. As Mr. Butler made clear in his sentencing memorandum, these hearsay statements are inadmissible at the sentencing hearing, and reliance upon them, under these circumstances, would violate Mr. Colette's rights.

<b>IV.</b>

<b><u>THE COURT SHOULD NOT ENTER A FINAL ORDER OF FORFEITURE IN CONNECTION WITH THE FOUR WEAPONS IN THE PRELIMINARY ORDER, OR IN CONNECTION WITH THE $38,848 OF CURRENCY.</u></b>

Mr. Colette did not personally waive his right to a trial by jury on the nexus between the cocaine and the weapons and the currency. August 3, 2006 Tr. at 85. Waiver through his counsel was insufficient, and Mr. Colette is entitled to a jury trial.

Also, the government has not shown, by a preponderance of the evidence, that there was such a nexus, and the Court granted, in exchange for Mr. Butler's waiver of a jury trial, the right

for Mr. Colette to put on evidence and have a forfeiture hearing before the Court at sentencing.  August 3, 2006 Tr. At 80-84.

Therefore, the preliminary order of forfeiture should not be converted into a final order at sentencing.  The Court should impanel a jury on the forfeiture counts of the indictment.  Even if the Court does not impanel a jury, the Court, as it promised, should hold an evidentiary hearing.  At this hearing, Mr. Colette, as was promised prior to Mr. Butler's waiver, would have the opportunity to present witnesses and evidence.

**V.**

**THE INDICTMENT, IN COUNTS 6 AND 7, SEEKS FORFEITURE OF ALL PROPERTY DERIVED FROM THE ALLEGED COCAINE SALES, AND NO PRELIMINARY ORDER OF FORFEITURE HAS BEEN ENTERED AGAINST 10 WEAPONS AND MR. COLETTE'S JET-SKI**

The government has never sought a preliminary order of forfeiture against Mr. Colette's jet-ski, seized at the time of the execution of the search warrant, and against 10 of the 14 weapons listed in the indictment.  Therefore, this property should be returned to Mr. Colette under Fed. R. Crim. P. 41(g).  Pursuant to Rule 41(g), Mr. Colette is entitled to an evidentiary hearing on this issue.

**VI.**

**THE COURT SHOULD FIND MR. COLETTE'S CRIMINAL HISTORY CATEGORY TO BE OVERREPRESENTATIVE**

Under U.S.S.G. Section 4A1.3(b), Mr. Colette should be in Criminal History Category I.  Category II substantially over-represents the seriousness of Mr. Colette's history or the likelihood that he will commit other crimes.

First, Mr. Colette's juvenile record should not be considered in this matter.

Second, he has only two adult misdemeanor convictions. For both of these convictions, according to the probation report, he has spent only three days in jail. One of the offenses involved refusal to submit to a breath test.

Under all of the circumstances of this case, Mr. Colette should be found to have only one criminal history point, and he should be in Criminal History Category I.

## VII.

**THE SENTENCING HEARING IN THIS MATTER SHOULD BE CONTINUED TO (A) PERMIT THE CROSS-EXAMINATION OF MR. JOHNSON AND MR. WAMSLEY; (B) PERMIT THE RE-WEIGHING OF THE COCAINE;(C) TO PERMIT THE FORFEITURE HEARING PROMISED BY THE COURT TO MR. BUTLER IN EXCHANGE FOR MR. BUTLER'S WAIVER OF MR. COLETTE'S RIGHT TO A JURY TRIAL ON THE FORFEITURE COUNTS OF THE INDICTMENT; AND (D) TO PERMIT A HEARING ON MR. COLETTE'S RULE 41(g)MOTION**

If the Court is considering a two point adjustment under U.S.S.G. 2D1.1(b)(1), the Court should hold a sentencing hearing during which Mr. Wamsley and Mr. Johnson are subject to cross-examination.

Also, there is uncertainty in connection with the weight of the cocaine in this matter. The DEA 6 and 7 reports indicate that there were three exhibits seized during the course of the search warrant, which were baggies containing cocaine and two playing cards. Exhibit 7 allegedly consisted of 679 gross grams of cocaine in a plastic grocery bag. Exhibit 8 allegedly consisted of 63 gross grams of cocaine in a clear plastic bag with a playing card. Exhibit 9 allegedly consisted of 31 gross grams of cocaine in a clear plastic bag with a playing card. The total of these three amounts is 773 grams.

The probation report, at page 6, indicates that there were 368 grams of cocaine.

Based upon this uncertainty, it is necessary that the cocaine be re-weighed in order to appropriate determine how the advisory guidelines apply.

## VIII.

### CONCLUSION

For the foregoing reasons, Mr. Colette should be sentenced to no more than 41 months in custody, and his sentencing and forfeiture hearing should be continued to permit the holding of an evidentiary hearing on forfeiture, nexis between the gun and the cocaine for the purposes of any §2D1.1(b)(1) enhancement; re-weighing of the cocaine, and return of property under Fed. R. Crim. P. 41(g).

Dated: March 19, 2007          Respectfully submitted,

                               /s/ David J. Cohen
                               177 Post Street
                               Suite 600
                               San Francisco, CA 94108
                               (415) 398-3900
                               (415) 398-7500

## CERTIFICATE OF SERVICE

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **SENTENCING MEMORANDUM, MOTION FOR RETURN OF PROPERTY, MOTION FOR CONTINUANCE, MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT, AND MOTION FOR EVIDENTIARY HEARING** in the case of <u>United States v. Colette</u>, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

    Brian D. Schroder, Esq.
    Assistant United States Attorney
    United States Attorney
    District of Alaska
    310 K Street, #520
    Anchorage, AK 99501
    Fax: 907-271-2345

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 19, 2007, at San Francisco, California.


                        <u>/s/ Tonia M. Nelsen-Sanchez</u>
                        Tonia M. Nelsen-Sanchez
                        Legal Assistant