DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone: (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05-CR-00042-01RRB |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **MOTION TO CONTINUE SENTENCING** |
| v. | ) | **HEARING** |
| | ) | |
| JASON SCOTT COLETTE, | ) | Date: March 23, 2007 |
| | ) | Time: 9:00 a.m. |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

**I.**

**INTRODUCTION**

Counsel has recently had the opportunity to review this entire file, including the transcripts of the proceedings. It is the defense request that the Court consider the following issues:

(1) The docket in this matter indicates that at least 74 non-excludable days elapsed between Mr. Colette's arraignment on the indictment and the commencement of his trial. Because more than 70 days elapsed, the indictment must be dismissed.

(2) The probation report requests a two point enhancement for "possession of a weapon" under U.S.S.G. Section 2D1.1. The case law indicates that Mr. Colette's lawful possession of his weapons was not in connection with the cocaine found in the safe. Mr. Colette was acquitted by the jury of possessing these weapons in connection with a drug trafficking offense. Further, the

probation officer's reliance on the hearsay statements of Mr. Damon Wamsley and Mr. Eugene Johnson is in error and in violation of Mr. Colette's rights.  If the Court intends to consider awarding a two point adjustment under Section 2D1.1, the Court should conduct a sentencing hearing during which Mr. Colette should have the opportunity to cross-examine both Mr. Wamsley and Mr. Johnson.

(3)  The Court should not enter a final order of forfeiture in connection with the four weapons listed in the government's application or the $38,848 of currency.  First, Mr. Colette did not waive his right to a trial by jury on the nexus between the cocaine and this property.  Mr. Butler waived Mr. Colette's right for him. August 3, 2006 transcript at 85.   No personal waiver was taken.  Second, the Court expressly advised Mr. Butler that if he waived a right to jury determination on the issue of forfeiture,  the defense would be permitted to present evidence on the forfeiture issue at sentencing, and the preliminary order of forfeiture would be a mere place-holder in advance of the actual forfeiture hearing before the Court at sentencing. Id. at 80-84.   Mr. Colette, therefore, asserts his right to an evidentiary hearing before the Court before the Court's considers whether or not to enter a final order of forfeiture.

(4)  The Court must return to Mr. Colette the other 10 weapons not made subject to the preliminary order of forfeiture. Further, the Court should order Mr. Colette's jet-ski returned because it was not made subject to the preliminary order of forfeiture - in spite of the fact that it was included within the language of the indictment.

(5)  The Court should find that Mr. Colette's criminal history category is overstated at II, and should be found to be at I under U.S.S.G. Section 4A1.3.

(6)  The Court should permit a continuance of the sentencing hearing so that the cocaine can be re-weighed.  Mr. Colette's sentence is very much tied to the weight of the cocaine, and the record is unclear as to the cocaine's true weight.

The Clerk has asked that these issues be filed in separately named documents.

## II.

### THE SENTENCING HEARING IN THIS MATTER SHOULD BE CONTINUED TO (A) PERMIT THE CROSS-EXAMINATION OF MR. JOHNSON AND MR. WAMSLEY;  (B) PERMIT THE RE-WEIGHING OF THE COCAINE; (C)TO PERMIT THE FORFEITURE HEARING PROMISED BY THE COURT TO MR. BUTLER IN EXCHANGE FOR MR. BUTLER'S WAIVER OF MR. COLETTE'S RIGHT TO A JURY TRIAL ON THE FORFEITURE COUNTS OF THE INDICTMENT; AND (D) TO PERMIT A HEARING ON MR. COLETTE'S RULE 41(g)MOTION

If the Court is considering a two point adjustment under U.S.S.G. 2D1.1(b)(1), the Court should hold a sentencing hearing during which Mr. Wamsley and Mr. Johnson are subject to cross-examination.

Also, there is uncertainty in connection with the weight of the cocaine in this matter.  The DEA 6 and 7 reports indicate that there were three exhibits seized during the course of the search warrant, which were baggies containing cocaine and two playing cards.  Exhibit 7 allegedly consisted of 679 gross grams of cocaine in a plastic grocery bag.  Exhibit 8 allegedly consisted of 63 gross grams of cocaine in a clear plastic bag with a playing card.  Exhibit 9 allegedly consisted of 31 gross grams of cocaine in a clear plastic bag with a playing card. The total of these three amounts is 773 grams.

The probation report, at page 6, indicates that there were 368 grams of cocaine.

Based upon this uncertainty, it is necessary that the cocaine be re-weighed in order to appropriate determine how the advisory guidelines apply.

### III.

### CONCLUSION

For the above stated reasons, the sentencing hearing in this matter should be continued.

Dated: March 20, 2007          Respectfully submitted,

/s/ David J. Cohen
177 Post Street
Suite 600
San Francisco, CA 94108
(415) 398-3900
(415) 398-7500

## CERTIFICATE OF SERVICE

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **MOTION TO CONTINUE SENTENCING HEARING** in the case of <u>United States v. Colette</u>, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

```
Brian D. Schroder, Esq.
Assistant United States Attorney
United States Attorney
District of Alaska
310 K Street, #520
Anchorage, AK 99501
Fax: 907-271-2345
```

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2007, at San Francisco, California.

<u>/s/ Tonia M. Nelsen-Sanchez</u>
Tonia M. Nelsen-Sanchez
Legal Assistant