DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone: (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-CR-00042-01RRB |
| ) | |
| Plaintiff(s), ) | |
| ) | **MOTION FOR RETURN OF PROPERTY** |
| v. ) | |
| ) | Date: March 23, 2007 |
| JASON SCOTT COLETTE, ) | Time: 9:00 a.m. |
| ) | |
| Defendant(s). ) | |
| ) | |
| _____ ) | |

**I.**

**INTRODUCTION**

Counsel has recently had the opportunity to review this entire file, including the transcripts of the proceedings. It is the defense request that the Court consider the following issues:

(1) The docket in this matter indicates that at least 74 non-excludable days elapsed between Mr. Colette's arraignment on the indictment and the commencement of his trial. Because more than 70 days elapsed, the indictment must be dismissed.

(2) The probation report requests a two point enhancement for "possession of a weapon" under U.S.S.G. Section 2D1.1. The case law indicates that Mr. Colette's lawful possession of his weapons was not in connection with the cocaine found in the safe. Mr. Colette was acquitted by the jury of possessing these weapons in connection with a drug trafficking offense. Further, the

probation officer's reliance on the hearsay statements of Mr. Damon Wamsley and Mr. Eugene Johnson is in error and in violation of Mr. Colette's rights. If the Court intends to consider awarding a two point adjustment under Section 2D1.1, the Court should conduct a sentencing hearing during which Mr. Colette should have the opportunity to cross-examine both Mr. Wamsley and Mr. Johnson.

(3) The Court should not enter a final order of forfeiture in connection with the four weapons listed in the government's application or the $38,848 of currency. First, Mr. Colette did not waive his right to a trial by jury on the nexus between the cocaine and this property. Mr. Butler waived Mr. Colette's right for him. August 3, 2006 transcript at 85. No personal waiver was taken. Second, the Court expressly advised Mr. Butler that if he waived a right to jury determination on the issue of forfeiture, the defense would be permitted to present evidence on the forfeiture issue at sentencing, and the preliminary order of forfeiture would be a mere place-holder in advance of the actual forfeiture hearing before the Court at sentencing. Id. at 80-84. Mr. Colette, therefore, asserts his right to an evidentiary hearing before the Court before the Court's considers whether or not to enter a final order of forfeiture.

(4) The Court must return to Mr. Colette the other 10 weapons not made subject to the preliminary order of forfeiture. Further, the Court should order Mr. Colette's jet-ski returned because it was not made subject to the preliminary order of forfeiture - in spite of the fact that it was included within the language of the indictment.

(5)  The Court should find that Mr. Colette's criminal history category is overstated at II, and should be found to be at I under U.S.S.G. Section 4A1.3.

(6)  The Court should permit a continuance of the sentencing hearing so that the cocaine can be re-weighed.  Mr. Colette's sentence is very much tied to the weight of the cocaine, and the record is unclear as to the cocaine's true weight.

The Clerk has asked that these issues be filed in separately named documents.

## II.

### THE INDICTMENT, IN COUNTS 6 AND 7, SEEKS FORFEITURE OF ALL PROPERTY DERIVED FROM THE ALLEGED COCAINE SALES, AND NO PRELIMINARY ORDER OF FORFEITURE HAS BEEN ENTERED AGAINST 10 WEAPONS AND MR. COLETTE'S JET-SKI

The government has never sought a preliminary order of forfeiture against Mr. Colette's jet-ski, seized at the time of the execution of the search warrant, and against 10 of the 14 weapons listed in the indictment.  Therefore, this property should be returned to Mr. Colette under Fed. R. Crim. P. 41(g). Pursuant to Rule 41(g), Mr. Colette is entitled to an evidentiary hearing on this issue.

## III.

### CONCLUSION

For the above states reasons, the Court should order that the ten weapons not subject to an order of preliminary forfeiture, and the jet ski not subject to an order of preliminary forfeiture be returned to Mr. Colette.

Dated: March 20, 2007             Respectfully submitted,

/s/ David J. Cohen
177 Post Street
Suite 600
San Francisco, CA 94108
(415) 398-3900
(415) 398-7500

## **CERTIFICATE OF SERVICE**

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **MOTION FOR RETURN OF PROPERTY** in the case of <u>United States v. Colette</u>, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

```
Brian D. Schroder, Esq.
Assistant United States Attorney
United States Attorney
District of Alaska
310 K Street, #520
Anchorage, AK 99501
Fax: 907-271-2345
```

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2007, at San Francisco, California.

<u>/s/ Tonia M. Nelsen-Sanchez</u>
Tonia M. Nelsen-Sanchez
Legal Assistant