DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone:  (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-CR-00042-01RRB |
| ) | |
| Plaintiff(s), ) | |
| ) | **MOTION TO DISMISS FOR VIOLATION** |
| v. ) | **OF THE SPEEDY TRIAL ACT** |
| ) | |
| JASON SCOTT COLETTE, ) | Date: March 23, 2007 |
| ) | Time: 9:00 a.m. |
| Defendant(s). ) | |
| ) | |
| _____ ) | |

**I.**

**INTRODUCTION**

Counsel has recently had the opportunity to review this entire file, including the transcripts of the proceedings.  It is the defense request that the Court consider the following issues:

(1)  The docket in this matter indicates that at least 74 non-excludable days elapsed between Mr. Colette's arraignment on the indictment and the commencement of his trial.  Because more than 70 days elapsed, the indictment must be dismissed.

(2)  The probation report requests a two point enhancement for "possession of a weapon" under U.S.S.G. Section 2D1.1.  The case law indicates that Mr. Colette's lawful possession of his weapons was not in connection with the cocaine found in the safe. Mr. Colette was acquitted by the jury of possessing these weapons in connection with a drug trafficking offense.  Further, the

1

probation officer's reliance on the hearsay statements of Mr. Damon Wamsley and Mr. Eugene Johnson is in error and in violation of Mr. Colette's rights. If the Court intends to consider awarding a two point adjustment under Section 2D1.1, the Court should conduct a sentencing hearing during which Mr. Colette should have the opportunity to cross-examine both Mr. Wamsley and Mr. Johnson.

(3) The Court should not enter a final order of forfeiture in connection with the four weapons listed in the government's application or the $38,848 of currency. First, Mr. Colette did not waive his right to a trial by jury on the nexus between the cocaine and this property. Mr. Butler waived Mr. Colette's right for him. August 3, 2006 transcript at 85. No personal waiver was taken. Second, the Court expressly advised Mr. Butler that if he waived a right to jury determination on the issue of forfeiture, the defense would be permitted to present evidence on the forfeiture issue at sentencing, and the preliminary order of forfeiture would be a mere place-holder in advance of the actual forfeiture hearing before the Court at sentencing. Id. at 80-84. Mr. Colette, therefore, asserts his right to an evidentiary hearing before the Court before the Court's considers whether or not to enter a final order of forfeiture.

(4) The Court must return to Mr. Colette the other 10 weapons not made subject to the preliminary order of forfeiture. Further, the Court should order Mr. Colette's jet-ski returned because it was not made subject to the preliminary order of forfeiture - in spite of the fact that it was included within the language of the indictment.

(5) The Court should find that Mr. Colette's criminal history category is overstated at II, and should be found to be at I under U.S.S.G. Section 4A1.3.

(6) The Court should permit a continuance of the sentencing hearing so that the cocaine can be re-weighed. Mr. Colette's sentence is very much tied to the weight of the cocaine, and the record is unclear as to the cocaine's true weight.

The Clerk has asked that these issues be filed in separately named documents.

## II.

### THE SPEEDY TRIAL ACT WAS VIOLATED

18 U.S.C. Section 3162(2) provides that, upon motion of the defendant, the indictment must be dismissed if the defendant is not brought to trial within 70 days of his arraignment on the indictment. See 18 U.S.C. Section 3161(c)(1). United States v. Martinez-Martinez, 369 F.3d 1076 (9th Cir. 2004).

A review of the Pacer docket indicates the following: Mr. Colette was arraigned on December 16, 2005. No motions were filed until January 5, 2006. 20 days elapsed before the first motion was filed.

All pending motions were decided by February 17, 2006. Ms. Koch's motion to suppress statements was taken under advisement on January 18, 2006. However, the motion had not yet been decided by February 17, 2006, and the Speedy Trial Act provides for no longer than a 30 day exclusion for a motion being taken under advisement. 18 U.S.C. Section 3161(h)(J). The next motion was not filed until March 14, 2006. Therefore, 25 additional days elapsed.

There were no motions on file between June 27, 2006 and July 20, 2006.  23 additional days elapsed.

Finally, there were no motions on file between July 21, 2006 and July 25, 2006, and then again between July 26, 2006 and July 28, 2006.

A total of 74 days elapsed as against the Speedy Trial Clock, and the indictment must be dismissed.

In <u>United States v. Hall</u>, 181 F.3d 1057(9th Cir. 1999), the Ninth Circuit held that as long as a defendant or his counsel raises a Speedy Trial claim before the commencement of a trial, the claim is not waived.  In <u>United States v. Brickey</u>, 289 F.3d 11144 (9th Cir. 2002), the Ninth Circuit ruled that a Speedy Trial Act claim not raised before trial is waived - but when on to consider the claim on the merits.

Here, the failure of Mr. Butler to raise the Speedy Trial Act claim before the trial was clearly ineffective assistance of counsel.  Further, it is the type of ineffective assistance of counsel that can be rectified at this stage of the proceedings, or on direct appeal, because it is ineffective assistance of counsel that is clear from the record.  <u>United States v. Del Muro</u>, 87 F.3d 1078 (9th Cir. 1996); <u>Wright</u>, <u>Volume 3</u>, <u>Federal Practice and Procedure</u>, <u>Criminal 2d</u> Section 555 (1997).

## III.

## CONCLUSION

For the above stated reasons, the Indictment should be dismissed because Mr. Colette was brought to trial in violation of the Speedy Trial Act.

Dated: March 20, 2007          Respectfully submitted,

/s/ David J. Cohen
177 Post Street
Suite 600
San Francisco, CA 94108
(415) 398-3900
(415) 398-7500

**CERTIFICATE OF SERVICE**

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT** in the case of United States v. Colette, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

> Brian D. Schroder, Esq.
> Assistant United States Attorney
> United States Attorney
> District of Alaska
> 310 K Street, #520
> Anchorage, AK 99501
> Fax: 907-271-2345

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2007, at San Francisco, California.

> /s/ Tonia M. Nelsen-Sanchez
> Tonia M. Nelsen-Sanchez
> Legal Assistant